Mason v. Morrisette                    CV-03-433-JD  05/26/04  P
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Jacob C. Mason and
Natasha A. Mason
by their Guardian,
Richard Heiser, Esquire

        v.                           Civil No. 03-433-JD
                                     Opinion No. 2004 DNH 188
James Morrisette and
Joseph M. Griffiths


                             O R D E R


     Jacob C. and Natasha A. Mason are minors who are represented

by their guardian Richard Heiser.  Heiser has brought suit on

their behalf, alleging that James Morrisette and Joseph M.

Griffiths, who were the landlords of the buildings where Jacob

and Natasha lived with their parents, violated the Residential

Lead-Based Paint Hazard Reduction Act of 1992 ("RLPHRA"), 42

U.S.C. § 4851, et seq.  The plaintiffs also allege that the

defendants violated the New Hampshire Consumer Protection Act,

were negligent in failing to maintain the buildings, and

misrepresented that one of the buildings was lead-free.

     Morrisette moved to dismiss the plaintiffs' claims under the

RLPHRA and the Consumer Protection Act, raising, among other

things, a question of the plaintiffs' statutory standing under

the RLPHRA.  The plaintiffs filed an objection but did not

address the issue of their standing to bring RLPHRA claims.

Griffiths did not file a motion. Given the import of the statutory standing issue, the court directed Griffiths to file a motion addressing that issue and gave the plaintiffs an opportunity to respond. The parties have now completed their filings.

The RLPHRA requires certain disclosures to "the purchaser or lessee" in the context of "target housing which is offered for sale or lease," 42 U.S.C. § 4852d(a)(1), and provides a cause of action to "the purchaser or lessee" when a person knowingly violates the provisions of RLPHRA, id. § 4852d(b)(3). See also Sweet v. Sheahan, 235 F.3d 80, 84085 (2d Cir. 2000); Gladysz v. Desmarais, 2003 WL 1343033, at *2-*3 (D.N.H. Mar. 17, 2003). Morrisette and Griffiths contend that the RLPHRA does not apply in the absence of a written lease and that the plaintiffs, who are minor children and their guardian, are not "lessees" within the meaning of the RLPHRA. The plaintiffs have addressed the issue of a written lease, but, despite the court's direction, they have not addressed the issue of their statutory standing as "lessees" to bring a RLPHRA claim.

In the previous order, the court noted Judge Barbadoro's decision in Gladysz, 2003 WL 134033, which held that "lessee" in the context of § 4852d(b)(3) does not include minor children or others who do not actually lease the subject property. That

2

decision is persuasive, and its reasoning need not be repeated here.  It is undisputed that neither the minor children nor their guardian, who are the plaintiffs in this case, leased the properties where the children lived.  Therefore, the plaintiffs lack standing to bring suit under § 4852d(b)(3), and their claims under the RLPHRA are dismissed.

The parties in this case are all residents of New Hampshire.  Subject matter jurisdiction rests on the federal question raised by the plaintiffs' RLPHRA claims in Counts I and V against each defendant and supplemental jurisdiction extended to the state law claims.  28 U.S.C. § 1331 & § 1367(a).  Because the federal claims are dismissed, federal question jurisdiction no longer exists in this case.  The court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims.  See § 1367(c)(3); Gladysz, 2003 WL 1343033, at *3.

## Conclusion

For the foregoing reasons, the defendants' motions to dismiss (documents no. 20 and 24) are granted as to the plaintiffs' federal claims, and the remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

3

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                  _____
Joseph A. DiClerico, Jr.
United States District Judge

May 26, 2004

cc:  Neil T. Leifer, Esquire
     Robert T. Mittelholzer, Esquire
     Sean T. O'Connell, Esquire
     Christopher J. Seufert, Esquire